# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

HORACE WALTERS,

      Plaintiff,

v.                             CASE NO.  4:13cv241-RH/CAS

FLAG CREDIT UNION and
CUMIS INSURANCE SOCIETY,
INC.,

      Defendants.

_____/

## ORDER RETAINING JURISDICTION

The defendants removed this case from state court based on the Class Action Fairness Act ("CAFA").  The issue is whether the case should be remanded based on CAFA's "local-controversy exception."  This order retains federal jurisdiction.

## I

The case's unusual procedural history is set out in the order of August 7, 2013.  ECF No. 15.  What matters now is that Horace Walters filed class-action claims in state court against Flag Credit Union ("Flag") and CUMIS Insurance Society, Inc. ("CUMIS").  Mr. Walters seeks to represent three classes, all

comprised of "Florida consumers" who bought a vehicle, borrowed all or part of the purchase price, and bought "guaranteed asset protection"—a product that purportedly would pay off the loan if the vehicle was damaged or destroyed and other insurance was insufficient to cover the unpaid balance .

CUMIS filed a timely notice of removal based on CAFA. The August 7 order resolved various jurisdictional issues in favor of removal, leaving at issue only the application of the local-controversy exception.

## II

CAFA creates federal jurisdiction over a class action with at least 100 class members, an amount in controversy in excess of $5,000,000 in the aggregate, and at least minimal diversity of citizenship—any class member with citizenship diverse from any defendant. This case apparently meets these requirements.

But there are exceptions to the jurisdictional grant. One, the local-controversy exception, provides:

(4) A district court shall decline to exercise jurisdiction . . .

    (A)(i) over a class action in which—

        (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

        (II) at least 1 defendant is a defendant—

            (aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

28 U.S.C. § 1332(d)(4).

The Eleventh Circuit has emphasized that a district court must not lightly find CAFA jurisdiction lacking: "CAFA's language favors federal jurisdiction over class actions and CAFA's legislative history suggests that Congress intended the local controversy exception to be a narrow one, with all doubts resolved 'in favor of exercising jurisdiction over the case.' " *Evans v. Walters Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006) (quoting S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40). The burden of establishing that the exception applies is on Mr. Walters. *Evans*, 449 F.3d at 1164 & n.3.

This order's Section III addresses § 1332(d)(4)(A). This order's Section IV addresses § 1332(d)(4)(B).

## III

As the plain language of § 1332(d)(4)(A) makes clear, this part of the local-controversy exception applies only if six conditions are all met. Rearranged slightly for ease of reference, the six conditions are these. First, more than two-thirds of the class members must be citizens of the forum state. Second, at least one defendant must be a citizen of the forum state. Third, significant relief must be sought from that defendant. Fourth, that defendant's conduct must form a significant basis for the claims. Fifth, principal injuries resulting from each defendant's conduct must have been incurred in the forum state. And sixth, in the three years before the class action was filed, there must not have been filed against any of the defendants another class action asserting the same or similar factual allegations.

## A

Mr. Walters easily meets the second, third, fifth, and sixth requirements. Flag is a citizen of Florida. Mr. Walters, on behalf of the class, seeks significant relief from Flag. Principal injuries resulting from the alleged conduct of both Flag and CUMIS occurred in Florida. And during the three years before Mr. Walters filed his first class-action allegations in this case, no other class action involving

these facts had been filed against Flag or CUMIS. (Mr. Walters himself filed and then dismissed another class action, but he filed that action after he filed the first class action claim against Flag in this case. He added CUMIS later, but that does not matter.)

This leaves for consideration the first and fourth requirements.

B

The first requirement is that "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of" Florida. § 1332(d)(4)(A)(i)(I). A good guess is that this requirement is met; the proposed classes all consist of "Florida consumers." But citizens of other states sometimes buy vehicles in Florida. More importantly, individuals move, often across state lines. That is especially true for Florida.

The Eleventh Circuit has made clear that a good guess at class citizenship is not enough. *See Evans*, 449 F.3d at 1165-66 (reversing *Evans v. Walter Indus., Inc.*, No. CV-05-BE-1017-E, 2006 WL 5670939, at *9 (N.D. Ala. Mar. 15, 2006)). *See also In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010) ("Sensible guesswork, based on a sense of how the world works," is insufficient to establish that more than two-thirds of a proposed class are citizens of the forum state). Mr. Walters has not carried his burden of showing that more than two-thirds of the proposed class members are citizens of Florida.

Mr. Walters says he could amend his complaint to limit the proposed classes to Florida citizens. If, as a matter of discretion, such an amendment was allowed, the revised classes would satisfy the class-member-citizenship requirement. *See In re Sprint*, 593 F.3d at 676 (stating that the plaintiffs could have avoided remand by amending their complaint to specify that class members had to be citizens of the forum state). But as it turns out, amending would not affect jurisdiction in this case, because, as set out below, the local-controversy exception still would not apply.

C

The fourth requirement is that class members seek "significant relief" from Flag. § 1332(d)(4)(A)(i)(II)(aa). The Eleventh Circuit has said that significant relief is sought from a defendant "when the relief sought against that defendant is a significant portion of the entire relief sought by the class." *Evans*, 449 F.3d at 1167. Thus, " 'whether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment.' " *Id.* (quoting *Robinson v. Cheetah Transp.*, No. 06-0005, 2006 WL 468820, at *3 (W.D. La. Feb. 27, 2006)).

Here the class members seek to recover all the fees paid for guaranteed asset protection ("GAP") contracts obtained from Flag or CUMIS. The best information in the record is that CUMIS issued 128,012 GAP contracts in Florida and that Flag sold 852 of them. The fees on CUMIS's contracts totaled $10,329,819. The fees on the contracts placed by Flag totaled $144,503. In absolute terms, $144,503 may be significant, but that amount is not significant in relative terms, when compared to $10.3 million. The class members also assert a claim for trebling, but they do so against both Flag and CUMIS. Trebling would not affect the relative significance of the claims.

So the relief sought from Flag is not "significant" within the meaning of § 1332(d)(4)(A)(i)(II)(aa). The plaintiffs are not entitled to remand based on § 1332(d)(4)(A).

In reaching this conclusion, I have not overlooked two of Mr. Walters' arguments that deserve mention. First, Mr. Walters says that on contracts placed by Flag with CUMIS, Flag kept 55% of the premiums and remitted only 45% to CUMIS. What matters, though, is not how Flag and CUMIS split the revenue, but the relief the class members claim against each. If, as Mr. Walters asserts, each class member who obtained a CUMIS contract through Flag is entitled to recover the full price paid for the contract, then the class member is entitled to recover that full amount from both Flag and CUMIS, jointly and severally; how Flag and

CUMIS chose to divide the revenue is of no moment. And more importantly, the class members' claims in this case are not limited to contracts obtained through Flag. The relevant calculations are those set out above, not those suggested by Mr. Walters.

Second, in asserting that the claims against Flag are "significant," Mr. Walters relies, in part, on *Hangarter v. Paul Revere Life Ins. Co.*, No. C 05-04558, 2006 WL 213834, at *3 (N.D. Cal. Jan. 26, 2006). *Hangarter* addresses a different issue: whether a defendant is a "primary" defendant within the meaning of a different CAFA provision, § 1332(d)(5)(A). Whatever weight *Hangarter* might command on that issue, it does not change the law of the circuit as set out in *Evans*. Under *Evans*, whether a defendant is one from whom "significant relief" is sought, within the meaning of § 1332(d)(4)(A)(i)(II)(aa), is determined based on the *relative* significance of the relief sought from the local defendant. The relief sought from Flag is not "significant" when compared to the relief sought from CUMIS.

IV

The result is the same under § 1332(d)(4)(B). Under that section's plain language, the section applies only if two conditions are met.

First, "two-thirds or more of the members of all proposed plaintiff classes in the aggregate" must be citizens of the forum state. As set out above, Mr. Walters has not met this requirement.

Second and more importantly, the "primary defendants" must be citizens of the forum state. This means *all* the primary defendants. CUMIS is plainly a primary defendant. And CUMIS is not a citizen of Florida. The section does not apply.

V

For these reasons,

IT IS ORDERED:

1.      Jurisdiction is determined to be proper. The case will go forward in this court.

2.      The attorneys must confer and file by February 10, 2014, a revised Federal Rule of Civil Procedure 26(f) report.

SO ORDERED on January 13, 2014.

s/Robert L. Hinkle_____
United States District Judge