IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HORACE WALTERS,

    Plaintiff,

v.        CASE NO. 4:13cv241-RH/CAS

FLAG CREDIT UNION and
CUMIS INSURANCE SOCIETY,
INC.,

    Defendants.

_____/

## ORDER DISMISSING COUNTS 1–4

This case arises from "guaranteed asset protection" provided in connection with the financing of a car. The car's buyer has sued the lender and an insurer, asserting, among other things, that the lender was acting as an unauthorized insurer and that the defendants violated the Florida Deceptive and Unfair Trade Practices Act. The defendants have moved to dismiss. This order grants the motion in part, leaving intact only the FDUTPA claim.

I

The plaintiff Horace Walters bought a car, financing it with a loan from the defendant Flag Credit Union ("Flag"). Mr. Walters simultaneously entered a "guaranteed asset protection" or "GAP" contract with Flag. Under the contract, in the event the car was totaled in a crash or stolen, Flag would forgive any indebtedness in excess of Mr. Walters's insurance recovery. Flag in turn bought insurance for itself—protecting Flag against amounts that might be due to Mr. Walters under the GAP coverage—from CUMIS Insurance Society, Inc. Flag also retained CUMIS as the third-party administrator of Flag's GAP contracts with borrowers.

Mr. Walters suffered a total loss of the car in a crash. The amount owed to Flag exceeded Mr. Walters's insurance recovery. Flag should have accepted the amount of the insurance payment in full satisfaction of Mr. Walters's outstanding debt, canceling the remaining balance (subject, perhaps, to comparatively minor adjustments on grounds not at issue here). But CUMIS, as third-party administrator, inexplicably applied to the GAP contract between Flag and Mr. Walters an exclusion from the insurance contract between Flag and CUMIS. Under the exclusion, CUMIS's insurance did not cover a car previously declared a salvage vehicle.

Flag sued Mr. Walters for the unpaid balance of Flag's loan. Through a complicated procedural history that is tracked in prior orders, *see* ECF Nos. 15 & 21, Flag has abandoned its claim against Mr. Walters, but Mr. Walters has sued Flag and CUMIS.

Mr. Walters's first amended complaint includes five counts. The defendants have moved to dismiss each count for failure to state a claim on which relief can be granted. This order summarizes the standards governing a motion to dismiss, then addresses the first three counts as a unit, and then separately addresses counts 4 and 5.

## II

A district court should grant a motion to dismiss for failure to state a claim unless "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III

Florida, like all states, regulates insurers. CUMIS is a Florida authorized insurer. Flag is not. The first amended complaint's first three counts all rely on

the assertion that Flag's entry into the GAP contract with Mr. Walters constituted the unauthorized provision of insurance.

Count 1 attempts to assert a claim for violations of the Florida Racketeer Influenced and Corrupt Organizations Act. The count alleges as predicate offenses only the unauthorized provision of insurance. Count 2 attempts to assert a claim for disgorgement of profits, again based only on the allegedly unauthorized provision of insurance. And count 3 attempts to assert a claim based directly on the unauthorized provision of insurance.

The answer lies in the plain terms of a controlling Florida statute. As a financial institution, Flag was authorized to provide GAP coverage, that is, "a loan, lease, or retail installment contract term, or modification or addendum to a loan, lease, or retail installment contract, under which a creditor agrees to waive a customer's liability for payment of some or all of the amount by which the debt exceeds the value of the collateral." Fla. Stat. § 520.02(7). The statute provides further: "Such a product is not insurance for purposes of the Florida Insurance Code." *Id*. The assertion that Flag could not provide GAP coverage without being an authorized insurer is plainly wrong.

That Flag hired CUMIS as a third-party administrator of GAP contracts does not change this result. Flag was free to administer its GAP contracts for itself,

through its own employees, or to hire an appropriate third-party administrator. Either way, Flag was not required to obtain a certificate of authority as an insurer.

This does not mean, of course, that CUMIS could provide insurance coverage to Flag without a certificate of authority. But CUMIS is an authorized insurer. Mr. Walters does not contend otherwise. On the facts alleged in the first amended complaint, the only entity involved in this transaction that was required to be an authorized insurer was CUMIS. And CUMIS was an authorized insurer.

Counts 1 through 3 fail to state a claim on which relief can be granted.

IV

Count 4 attempts to assert a claim against CUMIS for breach of fiduciary duty. Under Florida law, "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party." *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So.2d 1063, 1065 (Fla. 3d DCA 1993) (internal quotation marks and citation omitted). A lender like Flag ordinarily owes no fiduciary duty to its borrower. *See, e.g.*, *Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So. 2d 536, 541 (Fla. 5th DCA 2003). But such a duty may arise in specific circumstances. *See, e.g.*, *First Nat'l Bank & Trust Co. v. Pack*, 789 So. 2d 411, 415-16 (Fla. 4th DCA 2001).

CUMIS, of course, was not a lender, and it had no direct relationship with Mr. Walters. CUMIS contracted only with Flag. Mr. Walters has alleged no facts indicating that CUMIS undertook a duty, fiduciary or otherwise, to Mr. Walters. Merely agreeing to serve as a third-party administrator, without more, did not necessarily impose on CUMIS a duty to Mr. Walters. *See, e.g.*, *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (applying Georgia law and concluding that an insured was not a third-party beneficiary of an insurer's contract with a third-party administrator).

Put differently, Mr. Walters has alleged no facts that "allow[] the court to draw the reasonable inference that [CUMIS] is liable [to Mr. Walters] for the [breach of fiduciary duty] alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Count 4 fails to state a fiduciary-duty claim on which relief can be granted.

V

The result is different for count 5. Mr. Walters asserts in effect that Flag sold a product that was represented to provide full coverage for an event exactly as occurred—a crash that totaled a car but left a balance owing after the insurance recovery. Mr. Walters asserts that CUMIS inexplicably determined that there was no coverage based on a provision of the contract between CUMIS and Flag that did not apply at all to the contract between Flag and Mr. Walters. Mr. Walters asserts that this was Flag's and CUMIS's standard practice. If all this is true, Mr. Walters

will be able to recover under FDUTPA. Indeed, business practices like this are a paradigm of what FDUTPA targets.

It is of course impossible to determine from the first amended complaint standing alone whether this was indeed a systematic deceptive business practice or simply an isolated mistake—a simple breach of contract. Indeed, from the first amended complaint it is impossible to determine whether there was even a breach of contract. These are merits issues that must await further factual development. But count 5 adequately states a claim on which relief can be granted.

## VI

For these reasons,

IT IS ORDERED:

The motion to dismiss is GRANTED IN PART and DENIED IN PART. Counts 1 through 4 of the first amended complaint are dismissed with prejudice. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b). Count 5 is not dismissed.

SO ORDERED on February 21, 2014.

s/Robert L. Hinkle
United States District Judge